

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 5 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 4:13-CV-441-A (NO. 4:11-CR-198-A) |
| DANIEL PATRICK MOORE | § § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Daniel Patrick Moore, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On February 10, 2012, movant pleaded guilty to a superseding information charging him with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). On June 1, 2012, the court sentenced movant to a term of imprisonment of 225 months, to be followed by a three-year term of supervised release. The United States Court

of Appeals for the Fifth Circuit affirmed. United States v. Moore, No. 12-10639, 2013 WL 1297105 (5th Cir. Apr. 2, 2013). Movant did not seek certiorari review.

II.

Grounds of the Motion

Movant raised multiple claims in his motion, which the government organized into three grounds for relief. First, movant claimed ineffective assistance of counsel from his attorney, Jeffrey C. Grass ("Grass"), by failing to object to the court's enhancements of his sentence for relevant conduct found in the presentence report. Specifically, movant claimed that Grass failed to argue against enhancements for the amount of methamphetamine involved in the offense, maintaining a premises for drug trafficking, and for possession of a firearm by movant's co-conspirator. Movant alleged that any fact used to increase his punishment must be alleged in the indictment, admitted by the defendant, or submitted to the jury and proved beyond a reasonable doubt, and the court's reliance on relevant conduct in the presentence report violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

Second, movant complains that the court made no express findings to support the relevant-conduct enhancements, and that

the court "presumably" adopted the presentence report. However, movant contends that neither the presentence report nor the court made any reference to "relevant conduct" or to section 1B1.3 of the United States Sentencing Guidelines.

Third, movant appears to contend that his guilty plea was coerced, unknowing, and involuntary. Movant claims that while he was incarcerated before trial, he was "removed from general population and placed into solitary confinement." Mot. at 8. A corrections officer purportedly took movant to call his family so he could tell them that he would sign the plea agreement. When movant asked why he was in solitary confinement, the officer allegedly told him it was "the prosecutor's way of stepping on your throat and get you to sign the plea agreement." Id. at 8. Movant contends Grass advised him to accept the plea offer by falsely promising to "get the conspiracy charge dropped to straight possession" and to get movant out of prison in five years, id. at 9. Grass also allegedly failed to inform movant that he faced a twenty-year maximum sentence.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A. Ineffective Assistance of Counsel

1. Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To prevail on such a claim, movant


must show that counsel's performance was deficient and that movant was prejudiced by counsel's errors. Id. at 687. Prejudice requires movant to show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 694. In the context of a guilty plea, prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). While both prongs of the Strickland test must be met to demonstrate ineffective assistance, both need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697.

Judicial scrutiny of this type of claim must be highly deferential; movant must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions

in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

2. Merits

The court agrees with the government that this claim is procedurally barred. Grass challenged the court's use of relevant conduct to enhance movant's sentence during the sentencing hearing, which the court rejected. Grass also raised the issue on appeal, where it was rejected by the Fifth Circuit. See Moore, No. 12-10639, 2013 WL 1297105, at *2. "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Movant cannot revive the relevant-conduct issue by now attempting to color it on collateral review as a claim of ineffective assistance of counsel. See United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam); Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984).

B. Second Ground

It appears movant in his second ground for relief is

challenging the court's application of the sentencing guidelines to his case. Such a claim, however, is not cognizable on collateral review. United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Nor does the record support movant's claim that the court expressed no findings to support the conclusions concerning relevant conduct. Instead, on appeal the Fifth Circuit held that the court had made the necessary findings to consider movant's relevant conduct. See Moore, No. 12-10639, 2013 WL 1297105 at *1-2. Ground two affords movant no relief.

C. Third Ground

Movant's contention that his guilty plea was coerced and involuntary fares no better. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted).

Here, the record fails to support movant's contention that

his guilty plea was coerced or was otherwise unknowing and involuntary. In the plea agreement movant stipulated that his guilty plea was "freely and voluntarily made," and was not the result of any threats, force, or promises other than those set forth in the agreement. Plea Agreement at 4. During his arraignment hearing, movant informed the court that he had read and signed the plea agreement and factual resume,[1] discussed them with Grass, and understood the legal significance of everything in the documents.

Also during the arraignment hearing, the following exchange occurred:

> THE COURT: Other than that plea agreement, has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?
>
> THE DEFENDANT: No, sir, Your Honor.
>
> THE COURT: Has anyone mentally, physically, or in any other way attempted in any way to force you to plead guilty in this case?
>
> THE DEFENDANT: No, sir, Your Honor.

---

[1] In his reply, movant claims he did not admit to anything in the factual resume and did not sign it. An unsigned document titled "Factual Resume" is attached to the reply. However, the document attached to the reply has a signature block for "Curt Crum," movant's first attorney. As alleged in the motion, movant discharged Crum and hired Grass. Grass's and movant's signatures appear on the factual resume that is in the record of movant's criminal case, and the record reflects that at his arraignment, movant admitted he had signed the document. Movant's self-serving statement in his reply cannot overcome the evidence in the record.

Arraignment Tr. at 27-28. At no time during the arraignment hearing did movant raise any allegation of coercion.

The record also fails to support movant's claim that he was unaware that he faced a maximum twenty-year sentence. The plea agreement plainly stipulates that movant faced a term of imprisonment of not more than twenty years. And during movant's arraignment hearing, the court repeatedly informed movant that he could face a term of imprisonment of not more than twenty years, which movant assured the court he understood. Movant also stipulated in the plea agreement his understanding that the court would determine his sentence, and that the Sentencing Guidelines were not binding on the court. During his arraignment hearing, movant confirmed his understanding of the foregoing, and stated he understood the court's explanation that the court was not bound by any stipulated facts, but could consider other facts as well, and would rely heavily on the contents of the presentence report. After all of the foregoing, the court determined that movant's guilty plea was knowing and voluntary. Arraignment Tr. at 29-30. Movant has provided nothing in his motion to show otherwise.

The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in

accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Movant has failed to sustain his burden in this case.

Movant also contends that Grass promised to get his sentence reduced to five years.[2] To obtain habeas relief on the basis of an alleged promise that is inconsistent with all of the above representations made by movant in open court, movant was required to prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant is also required to produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. Movant has failed

---

[2] Movant claims that Grass also promised to get the conspiracy charge dropped. The plea agreement provided for movant to plead guilty to a charge of possession, rather than conspiracy, and at the conclusion of movant's sentencing hearing, the government dismissed the one-count conspiracy charge against movant in the original indictment.

to provide the court with anything to make the required showing.

V.

Order

Therefore,

The court ORDERS that the motion of Daniel Patrick Moore to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 25, 2013.

JOHN McBRYDE
United States District Judge